IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NANCY QUINTANA,

          Plaintiff,

v.                                        No. 24-cv-00053-KWR-JMR

NEW MEXICO DEPARTMENT
OF TRANSPORTATION,

          Defendant.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL

THIS MATTER comes before the Court upon Plaintiff Nancy Quintana's motions to appoint counsel, Docs. 32, 34. Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiff's motions are not well taken, and therefore, are **DENIED**.

## BACKGROUND

On January 16, 2024, Plaintiff Nancy Quintana filed a complaint alleging that Defendant New Mexico Department of Transportation ("NMDOT") unlawfully retaliated against her for opposing an unlawful employment practice when it hired a less-qualified candidate for a position she applied to. Doc. 1. Plaintiff now brings claims for retaliation under Title VII, 42 U.S.C. § 2000e-3(a), and 42 U.S.C. § 1981. *Id.*

On November 14, Judge Rozzoni granted Plaintiff attorney's motion to withdraw as counsel, Doc. 30, and ordered a 60-day stay to allow Plaintiff time to obtain a new attorney. Doc. 31. Plaintiff moved the Court to appoint counsel. Doc. 32. On January 13, Plaintiff renewed this motion. Doc. 34.

## DISCUSSION

"A plaintiff asserting an employment discrimination claim has no constitutional or statutory right to appointed counsel." *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992) (citation omitted). "Title VII of the Civil Rights Act of 1964, however, provides that the district court may, in its discretion, appoint counsel for a plaintiff in an employment discrimination action." *Id.* (citing 42 U.S.C. § 2000e-5(f)(1)).

The Court has "extremely broad" discretion to decide whether to appoint counsel. *Castner*, 979 F.2d at 1420. "Before counsel may be appointed, a plaintiff must make *affirmative showings* of (1) financial inability to pay for counsel, (2) diligence in attempting to secure counsel[,] and (3) meritorious allegations of discrimination." *Id.* at 1421 (emphasis added). "[A] plaintiff's capacity to present the case without counsel . . . should be considered in close cases as an aid in exercising discretion."

"The decision whether to appoint counsel requires accommodation of two competing considerations." *Castner*, 979 F.2d at 1421. On one hand, courts must consider that "Title VII claimants might not be able to take advantage of the federal remedy without appointed counsel" because complainants are often "member[s] of a disadvantaged class" and are "opposed by an employer who not infrequently is one of the nation's major producers." *Id.* As a result, courts "courts must give 'serious consideration' to a plaintiff's request for appointment counsel in a Title VII action." *Id.* (citations omitted). On the other hand, "court[s] must keep in mind that Congress has not provided any mechanism for compensating such appointed counsel." *Id.* "The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time." *Id.*

After considering the aforementioned factors, the Court finds that appointing counsel in this case is not justified under the circumstances. As a result, the Court denies Plaintiff's motion to appoint counsel.

Plaintiff's motions to appoint counsel, Docs. 32, 34, fail to make any of the requisite affirmative showings. *See Castner*, 979 F.2d at 1421.

<u>Factor 1</u>. Neither motion describes a financial inability to pay for counsel or explain how she was previously able (but is now unable) to afford counsel. *See Castner*, 979 F.2d at 1421–22 ("[T]he court should examine the plaintiff's ability to hire counsel and still meet his or her daily expenses."). Furthermore, NMDOT claims that it still employs Plaintiff. Doc. 33 at 2.

<u>Factor 2</u>. While the Court does not doubt that Plaintiff "searched for an attorney and cannot find one," Doc. 34, she does not go into any detail regarding the "number of attorneys contacted, the availability of counsel in the geographical area who represent employment discrimination claimants, and the plaintiff's possible skill or lack of skill at obtaining such help." *See Castner*, 979 F.2d at 1422. The Court simply cannot conclude that Plaintiff's search was diligent based on the limited information provided.

<u>Factor 3</u>. Plaintiff does not make an affirmative showing that her retaliation claim is meritorious. To date, all the Court has is a complaint spanning 3 pages and containing conclusory allegations. *See* Doc. 1. The complaint does not make factual allegations establishing a connection between (a) Plaintiff filing a claim for racial discrimination in 2019 and (b) being passed over for a promotion(s) in 2022. *Id.* Aside from alleging that she got a higher score on an exam than the person hired, the complaint does not contain factual allegations that NMDOT's staffing decision were not based on acceptable criteria. And while the EEOC issued a right to sue determination, *see* Doc. 1 at 2, the Court has no knowledge of its findings. In short, the Court is not confident that

Plaintiff's case will be successful on the merits or that Plaintiff has otherwise made "meritorious allegations of discrimination." *See Castner*, 970 F.2d at 1421.

Factor 4. Plaintiff does not demonstrate, nor is the Court given a reason to believe, that she is incapable of presenting the case without counsel.

## CONCLUSION

Accordingly, Plaintiff's motions to appoint counsel, Docs. 32, 34, are **DENIED**. The Court hereby **STAYS** this case for 30 days from the date of this order to give Plaintiff another chance to obtain counsel. If Plaintiff counsel does not enter an appearance or Plaintiff does not respond to Defendant NMDOT's motion for summary judgment, Doc. 26, within 14 days from the date the stay expires, the Court may dismiss the case without further notice.

It is **SO ORDERED**.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE